## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 1:13-cv-03183-WYD-MEH

MALIBU MEDIA, LLC,

     *Plaintiff,*

vs.

LARRY RANGUS,

     *Defendant.*

---

## DEFENDANT'S REPLY TO PLAINTIFF'S MEMORANDUM
## IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS
## UNDER FEDERAL RULES OF CIVIL PROCEDURE 12(b)(6)

---

Defendant, Larry Rangus, by and through his undersigned attorneys, Hanes & Bartels LLC, replies to Plaintiff's Memorandum in Opposition to Defendant's Revised Motion to Dismiss ("Response") and states as follows:

Plaintiff incorrectly states that this Court denied a substantially identical motion to dismiss Case No. 13-cv-02707, *Malibu Media v. John Butler*.  A similar motion was filed in Butler but the Court has not denied the motion. On April 24, 2014 Magistrate Judge Hegarty made a recommendation to District Court Judge Daniels that the motion be denied, but Judge Daniels has not yet ruled on Defendant's timely filed objection to the recommendation.

In all material respects, the complaint filed in the instant case is a copy of the complaint filed in *Butler*. Accordingly, the motion to dismiss in the instant case is similar in many respects to the same motion in *Butler*.

**Plaintiff's Response**

Plaintiff's Response is superficial and for the most part is only a regurgitation of the allegations of the Amended Complaint, salted frequently with the repeating mantra that the allegations of the complaint are plausible. For example, page 3 of the Response contains the following argument:

> In support of this allegation, [the conclusory allegation of paragraph 32 that Defendant copied the constituent elements…] Plaintiff's Amended Complaint describes in detail the operation of the BitTorrent protocol and alleges that Defendant used the protocol to infringe Plaintiff's works. *Id.,* at ¶¶ 10-16.

This argument is substantively without merit and is actually false. While paragraphs 10-16 may attempt to generically describe the workings of a BitTorrent protocol, they do <u>not</u> allege <u>that Defendant used the protocol to infringe Plaintiff's works</u>. Even the following paragraph 17 fails to connect the dots. Paragraph 17 of the Amended Complaint states:

> Plaintiff's investigator, IPP International UG, established a direct TCP/IP connection with the Defendant's IP address as set forth in Exhibit A.

A simple analysis of paragraph 17 shows only that the "TCP/IP connection" is technical gibberish and avers nothing substantive or factual about this Defendant or his IP address. The Amended Complaint never does refer to a specific IP address or to this Defendant because it is a generic boilerplate complaint relying solely on Exhibit A to relate the complaint to a specific IP address. For reasons set forth below, Plaintiff's Response does nothing to point out any errors in Defendant's motion or to provide any

elucidation as to how the allegations of the Amended Complaint supply the necessary factual enhancement for the conclusions of infringement that are necessary in order to make the allegations plausible. Just repetitiously stating that the allegations are plausible does not make them so. In lieu of substantive and factually based arguments showing how and where the allegations of the Amended Complaint provide factual enhancement, Plaintiff attempts to divert attention from the material issue by making a series of frivolous arguments.

For example, Plaintiff's Response makes the specious and vacuous argument that this case is *fundamentally different* than *In re BitTorrent Adult Film Copyright Infringement Cases,* 2012 WL 1570765 (E.D.N.Y. May 1, 2012), cited by Defendant in his motion to dismiss, *because Plaintiff has alleged Defendant infringed, not one, but fourteen (14) of its movies over a long period of time* (Response, page 7). Merely adding more movie titles to Exhibit A does not remedy the deficiencies of Plaintiff's Amended Complaint or distinguish the case from the legal requirements set forth in *In re BitTorrent.*

In an absurd attempt to bring the phantom Declaration of Mr. Fieser into the Amended Complaint in place of the absent allegations of fact, Plaintiff makes the following inane argument on page 8 of the Response:

> Paragraph 17 of the Declaration refers to evidence of infringement of *third party works* traced to Defendant's IP address, which are relevant to proving Defendant is the infringer because they may correlate to Defendant's hobbies, profession, or other interests. (emphasis added)

In this desperate attempt to bring plausibility to its Amended Complaint, Plaintiff relies on the specter of evidence produced by ghost writer Fieser, who, outside of the Amended Complaint, is said to proclaim that Defendant is an infringer in this case

because his IP address has been traced to the infringement of some unidentified *third party works* which correlates to <u>Defendant's hobbies, profession, or other interests</u>. Plaintiff's presentation of and reliance on such a mindless argument to support the plausibility of the allegations of its Amended Complaint is an unambiguous manifestation of the validity of Defendant's motion to dismiss for failure to state a claim for relief.

Of further substantial significance in Plaintiff's Response is Plaintiff's total failure to rebut or even respond too many of the relevant arguments made in the Defendant's motion to dismiss. For example, on page 7 of its motion, Defendant asserts as follows:

> There is not a single fact asserted in the Amended Complaint that would justify the allegations in paragraphs 18, 19, 21 and 22 that UG "downloaded from <u>Defendant</u>…"

Like Plaintiff's Response in *Butler*, Plaintiff fails to rebut this assertion that has significant importance in analyzing the factual allegations that are supposed to support the conclusory allegation that Defendant "copied and distributed the constituent elements of each of the original works covered by the Copyrights-in-Suit." (Complaint ¶ 32). If the contentions are not rebutted, they must be taken as true.

The Achilles' heel of the Amended Complaint and Plaintiff's Response to the motion to dismiss is seen in Plaintiff's unsupported conclusion made in paragraph 32 of the Amended Complaint, that:

> Defendant copied and distributed the constituent elements of each of the original works…,"

Plaintiff's Response attempts to identify something in the Amended Complaint that provides "factual enhancement" for this mere citation of the elements of a cause of action but the Response fails to identify anything that provides such enhancement.

4

**Exhibit A is Bogus**

The lynch pin of the so-called factual enhancement to the conclusory allegations is Exhibit A to the Amended Complaint. Although ultimately critical to the plausibility of Plaintiff's Amended Complaint, this Exhibit is a charade. Exhibit A does <u>not</u> establish any connection, direct or otherwise, between the Defendant's IP address and any cryptographic hash value of bits ("bit hash") that are alleged to have been downloaded from Defendant's IP address. Exhibit A lists *file hash* numbers, which are numbers assigned to a whole movie.

Exhibit A is a total sham, designed to deceive the reader into believing that the array of dates and *movie file hash* numbers creates some connection with Defendant's IP address. Exhibit A does not contain a single *bit hash* that correlates to or identifies the "one or more bits" that are alleged in paragraph 18 of the Amended Complaint to have been downloaded from Defendant. The steppingstones that must exist to connect one or more *bit hash* with an *IP address* and subsequently with a *movie hash value* are <u>totally missing</u> from Exhibit A and the Amended Complaint. Merely adding an IP address to the heading of the Exhibit does not make the connection. The Exhibit contains only a collection of dates, an assortment of numbers ("file hash") and names of some of Plaintiff's produced pornographic movies.[1] Except for a page title containing an IP address, there is no connection made in Exhibit A or anywhere else between that IP address and the file hash numbers of the listed movies. This vacuity is especially significant when Exhibit A is the core of Plaintiff's Amended Complaint.

---

[1] Reference is made to pages 13-16 of Defendant's Motion to Dismiss where there is a more detailed explanation of the illusory nature of Exhibit A, <u>none of which is addressed or rebutted by Plaintiff in its responsive opposition</u>.

Exhibit A is the single component that attempts to connect Defendant's IP address with the listed *infringed* movies. Exhibit A is a deceptive ruse whose recitation of mind-boggling movie file hash numbers, dates and movie titles is deceitfully represented as the result of the application of the workings of the BitTorrent protocol. Exhibit A is nothing but a list of dates, numbers and movie titles that fails in its attempt to convey technical assurance and factual support to the clichéd conclusions of the Amended Complaint. Making a factual and highly technical connection between this Defendant and the movies listed in Exhibit A by simply typing an IP address at the top of the page of generic content is grossly insufficient and does not make the required connection between the alleged downloading of bit hashes and this Defendant, or his IP address, and the movies listed in Exhibit A. Without that connection there can be no plausibility to the allegations of the Amended Complaint.

Accordingly, the conclusory allegation in paragraph 32 of the Amended Complaint that "Defendant copied and distributed the constituent elements of each of the original works" is nothing but a naked assertion, a threadbare recital of the elements of a cause of action, devoid of the factual enhancement required by the court in *Khalik, supra. See also Ashcroft v. Iqbal* 556 U.S. 662 at 647. Plaintiff's Response contains nothing to counteract that reality.

Furthermore, reciting a page of cases holding that even copying portions of a copyrighted work can result in infringement does not meet the Defendant's argument that tiny electronic "bits" do not constitute "constituent elements" of Plaintiff's movies. In sum, section III A of Plaintiff's Response is nothing but a paraphrase of Plaintiff's Amended Complaint and does not demonstrate that the Amended Complaint pleads facts

that *plausibly* support the conclusory allegations that Defendant directly infringed Plaintiff's copyrighted movies.

In section III C of the Response, on page 6, Plaintiff again relies on Exhibit A to establish plausibility for the conclusory allegations in the Amended Complaint. Plaintiff's Response confidently asserts:

> As Exhibit A to Plaintiff's Amended Complaint shows (CM/ECF 12-1), the infringement occurred through Defendant's IP address from September 23, 2012 until November 2, 2013.

Without showing any connection between Defendant's IP address and the *bits* alleged to have been downloaded, the required leap of faith between a listed IP address and a *movie hash value* and the contention that Exhibit A *plausibly* demonstrates or establishes that "*infringement occurred through Defendant's IP address*" is absurd and to argue that is does is disingenuous in the extreme. Plaintiff quotes from *Patrick Collins, Inc. v. John Doe 1, 2013 WL 2177787 (E.D.N.Y 2013)* (Response, pgs. 6-7) where the court said that plaintiff had adequately pled a plausible claim of copyright infringement. However, the facts in *Collins* are substantially distinct from the facts of this case and there is no indication that the plaintiff in that case relied on an irrelevant and immaterial exhibit comparable to Exhibit A, on which Plaintiff in the instant case relies totally. That Exhibit A shows that "infringement occurred through Defendant's IP address" is not even imaginable, much less plausible.

**The Deception of the Tobias Fiser Declaration**

With respect to section III D of Plaintiff's Response, Defendant is <u>not</u> impermissibly asking the Court to find that Plaintiff's allegations are false. Plaintiff seizes on the word "evidence," used on page 4 of Defendant's motion, to bootstrap an

erroneous contention that Defendant is attempting to adjudicate the truthfulness of the allegations of the Amended Complaint in his motion to dismiss. Again, Plaintiff mischaracterizes the motion. In pages 5 and 6 of the motion Defendant explains why the Declaration of Tobias Fieser cannot be relied on to furnish the necessary "factual enhancement" for the conclusory allegations. First, it is misleading and false on its face. Page 6 of the motion analyzes paragraph 17 of the Fieser Declaration, showing that it cannot and does not apply to this Defendant and is therefore irrelevant and factually unsupportive of the conclusory allegations of the Amended Complaint. Another look at Paragraph 17 of the Fieser Declaration is in order:

> IPP's software also logged Defendant's IP address being used to distribute third party files through BitTorrent. This evidence is referred to as the Additional Evidence in the Complaint.

It is acknowledged by Plaintiff (*See* page 10 of Plaintiff's Response in *Butler*) that "Mr. Fieser takes the same steps in every Malibu case..." so how can it be certain or even probable or *plausible* that the "Defendant's IP address," is in truth the IP address of this Defendant? Surprisingly, it is Fieser's Declaration itself, which disproves that his Declaration is referring to this Defendant's IP address. The added comment in the Declaration that "This evidence is referred to as the Additional Evidence in the Complaint" is a total betrayal of the intended presumption that the Fieser Declaration is referring to this Defendant's IP address. The *Complaint* referred to cannot be the *Amended Complaint* filed in this case. The Amended Complaint in this case, in paragraph 24, attempts to incorporate the "Additional Evidence," however the attempt fails and moreover is deceiving and misleading. Paragraph 24 of the Amended Complaint identifies the "Additional Evidence" as:

This evidence indicates that Defendant engaged in BitTorrent transaction associated with 237 files between 09/04/2013 and 11/12/2013.

This "Additional Evidence" is inconsistent with and at odds with other allegations of the Amended Complaint, as brought to light by Plaintiff's Response at page 6:

As Exhibit A to Plaintiff's Amended Complaint shows (CM/ECF 12-1), the infringement occurred through Defendant's IP address from September 23, 2012 until November 2, 2013. (emphasis added)

Incredibly, the Fieser Declaration on which Plaintiff solely relies for its factual enhancement of the conclusory allegation of infringement, specifies different dates for logging Defendant's IP address, being used to distribute third party files (Amended Complaint ¶24), from the dates between which the alleged infringement occurred, as set forth in Exhibit A. This contradiction and inconsistency deprives the Amended Complaint of any credibility whatever and underlines the absence of plausible content.

The many generic references in the Fieser Declaration to Exhibit A and to a Defendant's IP address and the obvious avoidance in the Declaration of identifying a specific IP address, clearly demonstrate that the Fieser Declaration is pure boilerplate and has no specific relevance to this Defendant. Neither Fieser's Declaration nor the Amended Complaint give us a clue as to whether Mr. Fieser ever knew of or connected with a computer having this Defendant's IP address. Accordingly, it is clear beyond any doubt that the Fieser Declaration is a boilerplate form that is used in all of the hundreds of Malibu Media cases. In any event, it is obvious and beyond legitimate argument that the Fieser Declaration is generic and intended for use in hundreds of cases and does not apply to this Defendant and therefore cannot be used to deliver the *factual enhancements* to the conclusory allegations of infringement by this Defendant contained in the Amended Complaint, as required by *Khalik.*

## Conclusion

The Court is respectfully requested to look beyond the many cases cited by Plaintiff refusing to dismiss similar cases filed by this Plaintiff and critically examine the motion and Plaintiff's response, especially Plaintiff's failure to rebut or respond to significant portions of Defendant's motion to dismiss, the snake oil character and factual vacuum of the crucial Exhibit A, the dishonest representations that the so-called evidence of the Fieser Declaration pertains to this Defendant together with the outrageous argument that infringement of a third party's copyright shows the habits and profession of Defendant, thus proving that Defendant infringed Plaintiff's copyrights.

A judicious and analytical examination of Defendant's motion to dismiss, Plaintiff's Response to the motion, and this reply will make evident that the Amended Complaint filed in this case is subject to dismissal for failure to state a claim for relief under rule 12(b)(6) because it does not pass the plausibility test of *Khalik*.

Equally important, the Amended Complaint and the Response represent the quintessential example of the process in which Plaintiff Malibu Media has created a coercive litigation business in which the Federal Courts have become an unwitting partner. Legally built on beach sand, the thousands of threats of suits and the complaints that are filed by this Plaintiff depend for their bona fides on an assumed technology and the unverified *findings* of a phantom investigator that has never met the test of cross examination in a trial. The intimate connection between this business of Plaintiff and the instant litigation mandate an even more critical examination of the Amended Complaint and Defendant's motion to dismiss.

The Court is respectfully requested to grant Defendant's motion to dismiss.

Respectfully submitted this 18th day of June, 2014.

HANES & BARTELS LLC

*/s/Richard W. Hanes*
Attorneys for Defendant
Richard W. Hanes, Colorado #1206
102 South Tejon Street, Suite 800
Colorado Springs, CO 80903-2239
Telephone:  (719) 260-7900

## CERTIFICATE OF SERVICE

I hereby certify that on this 18th day of June 2014, I electronically filed the foregoing **DEFENDANT'S REPLY TO PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS UNDER FEDERAL RULES OF CIVIL PROCEDURE 12(b)(6)** with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

*Attorneys for Plaintiff:*
Jason Kotzker, Esq.
KOTZKER LAW GROUP
9609 S. University Blvd., #632134
Highlands Ranch, CO  80163

*/s/ _Lynne R. Krause_____*
Lynne R. Krause, Paralegal